UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON ROBERT WALKER,<br><br>                        Petitioner,<br><br>v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>                       Respondents. | Case No.: 3:23-cv-01604-BTM-MSB<br><br>**ORDER DENYING IN FORMA PAUPERIS APPLICATION AND DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |

Petitioner, a California state prisoner proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Pet., ECF No. 1. He has also submitted a Motion to Proceed in Forma Pauperis ("IFP") and an Inmate Trust Account Statement. ECF No. 2.

## MOTION TO PROCEED IN FORMA PAUPERIS

The request to proceed in forma pauperis reflects a $176.78 balance in Petitioner's prison trust account. *Id*. at 7–8. The filing fee associated with this type of action is $5.00. *See* 28 U.S.C. § 1914(a). Because it appears Petitioner can pay the requisite filing fee, the Court **DENIES** the request to proceed in forma pauperis.

## FAILURE TO NAME A PROPER RESPONDENT

Review of the Petition reveals that Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule

23cv01604-BTM-MSB

2(a), 28 U.S.C. foll. § 2254). Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. *See id.*

The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." *Id*. "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" *Id.* (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" *Id*. (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

Here, Petitioner has not named a Respondent on his Petition, but has named "The People of the State of California" on his IFP motion. *See* ECF Nos 1–2. In order for this Court to entertain the Petition filed in this action, Petitioner must name the warden in charge of the state correctional facility in which Petitioner is presently confined or the Secretary of the California Department of Corrections and Rehabilitation. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

## **FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES**

Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133–34. Moreover, to properly exhaust state court remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated. *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the due process of law guaranteed by the Fourteenth Amendment, he [or she] must say so, not only in federal court, but in state court." *Id*. at

366. Here, Petitioner has not indicated he raised his claims in the California Supreme Court, and therefore his Petition is subject to dismissal.

Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D) (West 2006).

The statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

## VENUE

A petition for writ of habeas corpus may be filed in the United States District Court of either the judicial district in which the petitioner was convicted and sentenced or in the district where he is presently confined. *See* 28 U.S.C. § 2241(d); *Braden v. 30th Judicial*

*Circuit Court*, 410 U.S. 484, 497 (1973). Petitioner does not say where his state court conviction occurred, and according to his IFP motion and trust account statement, he is presently confined at Pleasant Valley State Prison, which is located in Fresno County, which is within the jurisdictional boundaries of the United States District Court for the Eastern District of California. *See* 28 U.S.C. § 84(b). Petitioner is advised that if he chooses to file an Amended Petition, he should specify where his state court conviction took place.

## FAILURE TO SIGN PETITION

Rule 2(c) of the Rules Governing Section 2254 Cases provides that "[t]he petition shall be typewritten or legibly handwritten and shall be signed under penalty of perjury by the petitioner." Rule 2(c), 28 U.S.C. foll. § 2254. Petitioner has not signed the Petition.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Petitioner's IFP motion and **DISMISSES** this case without prejudice and with leave to amend. To proceed with his case, Petitioner must, no later than November 8, 2023: (1) pay the $5.00 filing fee or submit adequate proof of his inability to pay the fee; AND (2) file a First Amended Petition that cures the pleading deficiencies outlined in this Order. *The Clerk of Court will mail Petitioner a blank Motion to Proceed in Forma Pauperis and a blank First Amended Petition form together with a copy of this Order.*

**IT IS SO ORDERED.**

Dated:  September 11, 2023

Honorable Barry Ted Moskowitz
United States District Judge